IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MICHAEL BURNETTE, | § § | |
| Plaintiff, | § § | |
| v. | § | 1:17-CV-705-RP |
| DELL MARKETING, L.P., | § § § | |
| Defendant. | § § | |

**ORDER**

Before the Court is Defendant Dell Marketing, L.P.'s ("Dell") motion to dismiss, (Dkt. 26). After reviewing the pleadings, briefs, and relevant law, the Court finds that the motion should be granted. Plaintiff will be given leave to amend his complaint.

**I. BACKGROUND**

Plaintiff Michael Burnette brings claims against Dell for breach of contract, breach of duty of good faith and fair dealing, intentional infliction of emotional distress, and violation of the Tennessee Public Protection Act (Compl., Dkt. 1-1, ¶¶ 38–67). Burnette alleges that Dell breached his employment agreement by failing to pay him commissions Dell owed him and by terminating him in retaliation for bringing this failure to Dell's attention. (*Id.* ¶¶ 40–41). The breach of duty of good faith and fair dealing claim arises from Burnette's allegation that Dell wrongfully discharged Burnette, forged his signature on documents, and fabricated additional documents to make his termination appear legitimate. (*Id.* ¶¶ 44–46). The allegation of forged signatures and fabricated documents also forms the basis for Burnette's intentional infliction of emotional distress claim. (*Id.* ¶¶ 52–55). Finally, Burnette claims that Dell violated the Tennessee Public Protection Act by discharging Burnette "for reporting pay issues and discussing pay issues with other employees," (*id.* ¶ 58), in a manner that violated the National Labor Relations Act ("NLRA"). (*Id.* ¶ 59).

1

The action was originally filed in Tennessee state court, subsequently removed by Dell to federal court, (Notice of Removal, Dkt. 1), and finally transferred to this court on motion by Dell. (Transfer Order, Dkt. 16). After the case was transferred, Dell filed its motion to dismiss. (Dkt. 26). The Court permitted Burnette additional time to respond to the motion while he sought local counsel after his Tennessee attorney was denied permission to appear *pro hac vice* in this district. (Dkt. 30). Several months later, the Court ordered Burnette to file a status update with the Court by January 26, 2018, concerning the status of his attempt to find new counsel. (Dkt. 32). Burnette failed to do so. The Court then issued an order stating that if Burnette did not notify the Court of the status of his search for new counsel by March 12, 2018, his action would be dismissed. (Dkt. 33). On March 13, 2018, Burnette filed a response to Dell's motion to dismiss, in which he indicated that he was unable to find local counsel and would be proceeding *pro se*. (Dkt. 34). Dell filed its reply on March 20, 2018. (Dkt. 35).

Although Burnette failed to comply with the deadline for responding to Dell's motion to dismiss,[1] because he is *pro se*, the Court will, out of an abundance of caution, consider the motion on its merits.

## II. LEGAL STANDARD

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the [plaintiff's] grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl.*

---

[1] Dell's motion to dismiss, although filed after its answer, will be considered, too. Rule 12(b) generally requires that a motion to dismiss be filed before an answer, but Dell preserved its right to bring a motion to dismiss by raising failure to state a claim, (Answer, Dkt. 7, at 8), as an affirmative defense in its answer. *See Delhomme v. Caremark Rx Inc.*, 232 F.R.D. 573, 575 (N.D. Tex. 2005) ("[S]everal courts interpreting Rule 12(b)(6) have chosen to consider a post-answer motion to dismiss as properly before the court as long as the movant also raised the defense of failure to state a claim in his or her answer.").

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. The Court construes the facts alleged in the complaint "in the light most favorable to the nonmoving party." *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011).

### III. DISCUSSION

Burnette brings claims for breach of contract, breach of the duty of good faith and fair dealing, intentional infliction of emotional distress, and violation of the Tennessee Public Protection Act. The Court finds that all of his claims should be dismissed. The Court will grant Burnette the opportunity to amend his complaint and attempt to fix its deficiencies.

*A. Breach of Contract*

Burnette has failed to state a claim for breach of contract.[2] Under Texas law, a breach-of-contract plaintiff must allege (1) the existence of a valid contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) damages to the plaintiff stemming from the breach. *Smith Intern., Inc. v. Egle Group, LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (citing *Valero Mktg. & Supply Co. v. Kalama*

---

[2] The Court applies Texas law. Normally, in a diversity case transferred from another state pursuant to 28 U.S.C. § 1404(a), the Court would apply the law of the transferor state. *Van Dusen v. Barrack*, 376 U.S. 612, 639 (1964) ("[W]here the defendants seek transfer, the transferee district court must be obligated to apply the state law that would have been applied if there had been no change of venue."). Applying this principle to the rule announced in *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496 (1941), the Court would also apply the choice-of-law rules of Tennessee if necessary. *See Lafferty v. St. Riel*, 495 F.3d 72, 76 (3d Cir. 2007) (finding that when "[f]aced with a choice-of-law question, federal courts in the district to which the case has been transferred under § 1404(a) must apply the law of the transferor state"). However, the normal rule does not apply here because this case was transferred from Tennessee to Texas as the result of a forum-selection clause. *See Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 65 (2013) ("The policies motivating our exception to the *Klaxon* rule for § 1404(a) transfers, however, do not support an extension to cases where a defendant's motion is premised on enforcement of a valid forum-selection clause."); *see also id.* at 65–66 ("The court in the contractually selected venue should not apply the law of the transferor venue to which the parties waived their right."). The Tennessee court transferred this case to this Court because a forum-selection clause in a contract between the parties chose Texas as the sole forum in which to bring claims arising under the contract. (Transfer Order, Dkt. 16, at 3). The Tennessee court even cited to *Atlantic Marine* in its order. (*Id.*). Accordingly, the Court applies Texas law to the common-law claims.

*Int'l*, 51 S.W.3d 345, 351 (Tex. App.—Houston [1st Dist.] 2001, no pet.). Dell contends that because Burnette has not stated which portion of the contract he claims was breached, his breach-of-contract claim should be dismissed.

Burnette has not identified how the actions allegedly taken by Dell (underpaying him and terminating him in retaliation for bringing his underpayment to Dell's attention) have breached a contract. Burnette attached the contract he claims is at issue to the complaint. (Compl., Dkt. 1-1, ¶ 38 ("A copy of this agreement is attached and incorporated as Exhibit 5.")). This document is therefore part of the pleadings and properly before the Court in its ruling on the motion to dismiss. *Cf. Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim.").

Burnette contends that Dell breached a contract by failing to pay him money he was owed and by firing him in retaliation for complaining about Dell's failure to pay him. (Compl., Dkt. 1-1, ¶¶ 40–41). But this particular document cannot support this claim. It is a two-paragraph document titled "Employee Acceptance," in which Burnette's signature appears, acknowledging that he has read Dell's code of conduct (titled "Winning with Integrity"), agrees to abide by it, and understands that he is employed by Dell at will. (Employee Acceptance, Dkt. 1-1, at 29). The Employee Acceptance does not contain any language concerning commissions or circumstances under which Dell may not terminate Burnette's employment. Nor does Burnette allege that it does. Burnette does not provide any other explanation for how the two paragraphs in the Employee Acceptance he attached to his complaint support his claim for breach of contract. Because his complaint explicitly states that it is based on the document attached to the complaint, but that document does not contain the language required to sustain his claim, he cannot bring a breach-of-contract claim based on the failure to comply with that document. Burnette does not "identify what provisions were

breached or provide factual allegations about the terms" of the contract. *See Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Georgia, Inc.*, 995 F. Supp. 2d 587, 603 (N.D. Tex. 2014) (dismissing without prejudice a breach-of-contract claim for failing to identify the manner in which a contract was breached). His complaint cannot be said to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. These "naked assertions devoid of further factual enhancement," *Iqbal*, 556 U.S. at 678 (citation and quotation marks omitted), are not sufficient to state a claim upon which relief can be granted. Accordingly, Burnette's breach-of-contract claim should be dismissed.

### B. Good Faith and Fair Dealing

Burnette also alleges in his complaint that his termination constituted a breach of Dell's good faith and fair dealing duty. However, as Dell notes, there is no such duty in an employment relationship under Texas law. *City of Midland v. O'Bryant*, 18 S.W.3d 209, 216 (Tex. 2000) (holding that "there is no duty of good faith and fair dealing in the employment context"). This claim should therefore be dismissed.

### C. Intentional Infliction of Emotional Distress

Burnette's claim for intentional infliction of emotional distress also fails. Texas has recognized a cause of action for intentional infliction of emotional distress, as set out in the Second Restatement of Torts. *Twyman v. Twyman*, 855 S.W.2d 619, 622 (Tex. 1993) (adopting "the tort of intentional infliction of emotional distress as set out in § 46(1) of the RESTATEMENT (SECOND) OF TORTS"). A plaintiff bringing this claim must show that "(1) [the defendant] acted intentionally or recklessly; (2) its conduct was extreme and outrageous; (3) its actions caused her emotional distress; and (4) the emotional distress was severe." *Kroger Texas Ltd. P'ship v. Suberu*, 216 S.W.3d 788, 796 (Tex. 2006). As the Restatement puts it, a successful claim for intentional infliction of emotional distress is "one in which the recitation of the facts to an average member of the community would

arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'" RESTATEMENT (SECOND) OF TORTS § 46 cmt. d (1965).

Burnette alleges that Dell intentionally inflicted emotional distress upon him by "intentionally or at least recklessly engag[ing] in the forging of employment documents to fire Mr. Burnette and cause the denial of his unemployment benefits." (Compl., Dkt. 1-1, ¶ 52). According to Burnette, this action caused him to lose his job and as a result he has "suffered serious mental injury, pain and suffering." (*Id.* ¶ 55). Dell contends that Burnette has failed to adequately allege an act egregious enough to satisfy the high bar of outrageousness.

Taking the facts alleged in the complaint as true and drawing inferences in Burnette's favor, Burnette has not demonstrated entitlement to relief on the basis of this claim. "Meritorious claims for intentional infliction of emotional distress are relatively rare precisely because most human conduct, even that which causes injury to others, cannot be fairly characterized as extreme and outrageous." *Suberu*, 216 S.W.3d at 796. "Only 'in the most unusual of circumstances' is conduct so extreme and outrageous that it is removed from the realm of ordinary employment disputes." *Wal-Mart Stores, Inc. v. Canchola*, 121 S.W.3d 735, 741 (Tex. 2003) (quoting *GTE Sw., Inc. v. Bruce*, 998 S.W.2d 605, 612 (Tex. 1999)). Even wrongful "termination of an employee does not, standing alone, constitute intentional infliction of emotional distress." *City of Midland v. O'Bryant*, 18 S.W.3d 209, 217 (Tex. 2000). "Rude behavior does not equate to outrageousness, and behavior is not outrageous simply because it may be tortious." *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 699 (Tex. 1994) (declining to find intentional infliction of emotional distress where an insurer "fabricated excuses of lost files and computer malfunctions" and treated the plaintiff rudely when she called).

Cases with facts similar to those alleged here indicate that the allegations in Plaintiff's complaint cannot sustain an action for intentional infliction of emotional distress. Dell cites an unpublished opinion by the United States Court of Appeals for the Fifth Circuit in which the court

upheld the grant of summary judgment in favor of an employer where the plaintiff brought a claim for intentional infliction of emotional distress against his former employer and alleged that the employer forged documents. *See Morrison v. Weyerhaeuser Co.*, 119 F. App'x 581, 587–88 (5th Cir. 2004) ("Even if the alleged forgery was illegal or unethical, or the termination was unlawful under the ADEA, that does not necessarily make it sufficiently extreme and outrageous to support a claim for [intentional infliction of emotional distress]."). The Texas Supreme Court has ruled that even an employer who conducted a post-termination vendetta against a former employee (including refusing to give her a reference letter, instructing other employees not to speak to her, and forcing her eviction from the apartment she had been sharing with an employee of the company) in retaliation for her refusing his sexual advances was not liable for intentional infliction of emotional distress. *See Creditwatch, Inc. v. Jackson*, 157 S.W.3d 814, 817–18 (Tex. 2005) ("Assuming all this is true, it was callous, meddlesome, mean-spirited, officious, overbearing, and vindictive—but not 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'") (quoting *Hoffmann-La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 445 (Tex. 2004)).[3] Given the high bar imposed by Texas law on what constitutes sufficiently "outrageous" behavior, the Court finds that Burnette has failed to plead facts that support a claim for intentional infliction of emotional distress. Accordingly, this claim should be dismissed.

   D. *Tennessee Public Protection Act*

Burnette's final claim arises under the Tennessee Public Protection Act. He alleges that Dell fired him "because he reported pay issues and discussed pay issues with other employees at Dell."

---

[3] The court also relied upon an alternative rationale to dispose of the claim: the tort of intentional infliction of emotional distress is a "gap-filler" tort and cannot be used to "supplant or duplicate existing statutory or common-law remedies." *Creditwatch*, 157 S.W.3d at 816. The court found that the plaintiff inappropriately attempted to use the tort when there was no gap to fill because another remedy existed for her alleged harm. *Id.* ("As her complaints are covered by other statutory remedies, she cannot assert them as intentional infliction claims just because those avenues may now be barred.").

7

(Compl., Dkt. 1-1, ¶ 63). He also contends that this was done in violation of his right under the NLRA to "discuss pay issues with other employees at Dell." (*Id.* ¶ 59). Dell contends that this claim should be dismissed because it is preempted by federal law.

The *Garmon* doctrine dictates that "[s]tates may not regulate activity that the NLRA protects, prohibits, or arguably protects or prohibits." *Wisconsin Dep't of Indus., Labor & Human Relations v. Gould Inc.*, 475 U.S. 282, 286 (1986) (articulating the "general rule set forth in *San Diego Building Trades Council v. Garmon*," 359 U.S. 236 (1959)). The *Garmon* rule prohibits states from regulating labor relations in a manner inconsistent with the NLRA, "but also from providing their own regulatory or judicial remedies for conduct prohibited or arguably protected by the Act." *Id.*

The Court finds that Burnette's Tennessee statutory claim is barred by the *Garmon* doctrine and therefore preempted by the NLRA. Burnette contends on the face of his complaint that the conduct complained of that forms the basis for the claim—to "discuss pay issues with other employees at Dell," (Compl., Dkt. 1-1, ¶ 63)—is protected under the NLRA. Courts have recognized that an employer's prohibition of an employee's speaking about wages with other employees may be a violation of Section 7 of the NLRA. *See N.L.R.B. v. Alternative Entm't, Inc.*, 858 F.3d 393, 408 (6th Cir. 2017), *rev'd on other grounds*, *Epic Sys. Corp. v. Lewis*, — U.S. —, Nos. 16-285, 16-300, 16-307, 2018 WL 2292444 (May 21, 2018) (upholding the NLRB's finding that an employer violated Section 7 of the NLRA by forbidding an employee from "discussing compensation" with fellow employees); *see also Brockton Hosp. v. N.L.R.B.*, 294 F.3d 100, 107 (D.C. Cir. 2002) (upholding the NLRB's decision finding that an employer violated Section 7 when its policy forbidding the employees from discussing information concerning themselves could be "reasonably read to include their wages, hours, and working conditions"). Because the facts underlying this claim are clearly covered by Section 7 of the NLRA, the claim under the Tennessee Public Protection Act is preempted and must be dismissed.

*E. Leave to Amend*

Burnette requests leave to amend his complaint if the Court grants the motion to dismiss. The Court "should freely give leave" to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). Although the Rule "evinces a bias in favor of granting leave to amend," *Matter of Southmark Corp.*, 88 F.3d 311, 314 (5th Cir. 1996), leave to amend "is not automatic." *Id.* In exercising its discretion to decide whether to grant leave to amend, the Court may consider factors including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Id.* at 315. Dell has not demonstrated the presence of any of these factors; although it requests dismissal with prejudice, it has not provided the Court with a reason for denying leave to amend, apart from a general assertion that the complaint should be dismissed as a result of Burnette's failure to comply with deadlines. (*See generally* Reply, Dkt. 35).

The Court finds that Burnette should have the opportunity to amend his complaint. Although he did not file a timely response to the motion to dismiss, Dell has not pointed to any other factors to support denying leave to amend. Accordingly, Burnette may amend his complaint.

## IV. CONCLUSION

For the foregoing reasons, Dell's motion to dismiss, (Dkt. 26), is **GRANTED**. Burnette may file an amended complaint. He must do so on or before **July 5, 2018**.

**SIGNED** on June 18, 2018.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE